**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-CV-66-TBR**

**RODNEY GRIMES,**                                                                **PLAINTIFF**

**v.**

**SHASTINE TANGILAG, M.D., ET AL.,**                             **DEFENDANTS**

## **MEMORANDUM OPINION**

Before the Court is Defendants' motion to Dismiss for Lack of Prosecution. [DN 26]. Plaintiff has not filed a response and the time to do so has passed. Fully briefed, Defendant's motion is ripe for review and for the following reasons is **GRANTED.**

On November 1, 2017, the Court entered a scheduling order [DN 23] directing Plaintiff to file a pretrial memorandum no later than April 19, 2018 setting forth all facts upon which he bases his claims. The scheduling order contained the following warning: "Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE.**" [DN 23] (emphasis in original). On March 19, 2018, Plaintiff called the Paducah Clerk's Office and said he had changed address and that he had retained an attorney. The Clerk's Office explained to Plaintiff that he needed to send a change of address in writing. On September 24, 2018, the Court entered an order [DN 29] directing Plaintiff to send a change of address in writing to the Paducah Clerk's Office, to file an entry of appearance if Plaintiff is represented by Counsel as he previously claimed, and directing the Clerk to send Plaintiff a copy of Defendants' motion to dismiss. Plaintiff was given an additional twenty-one days to respond to Defendants' motion. The additional time to

respond has passed and Plaintiff has not filed a change of address with the court, responded to Defendants' motion, or otherwise communicated with the Court.

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Under Federal Rule of Civil Procedure 41(b), a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110.)

Upon review, the Court finds that Plaintiff's repeated failures to participate in this litigation and his failure to comply with the Court's orders [DN 23; DN 29] warrant dismissal under Federal Rule of Civil Procedure 41(b). Therefore, by separate Order, the court will dismiss the instant action.

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 9, 2018

cc: Counsel of Record
cc: Rodney Grimes, *pro se*
5313 Rangeland Road, Building # 3,
Louisville, KY 40219